**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 96-0232 |
| MICHAEL SHORT | SECTION "L" |

**ORDER & REASONS**

Before the Court is *pro se* Defendant Michael Short's Motion and amended Motion to reduce his sentence (Rec. Docs. 805, 809) and Motion to Appoint Counsel (Rec. Doc. 807). Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

**I.    BACKGROUND**

On January 10, 1996, a Federal Grand Jury returned a twenty-seven count, third superseding indictment charging Mr. Short in Count 1 with conspiring to distribute heroin and cocaine; in Count 2 with engaging in a Continuing Criminal Enterprise ("CCE") involving a conspiracy to possess heroin; in Count 3 with intentionally killing Derrick Hubbard in furtherance of a CCE; in Count 4 with killing Derrick Hubbard through the use of a firearm; in Count 5 with carrying a firearm in the commission of a drug trafficking crime; and in Counts 6 and 7 with using a telephone in furtherance of the drug conspiracy. Mr. Short was also charged with access device fraud and money laundering.

On June 3, 1997, Mr. Short was convicted on all charged counts of the indictment. (Rec. Doc. 396). On April 29, 1998, he was sentenced by Judge Porteous to a term of life imprisonment and a consecutive term of 60 months' imprisonment. (Rec. Doc. 548). On May 6, 1998, Mr. Short timely appealed. (Rec. Doc. 551). On August 19, 1999, the United State Court

1

of Appeals for the Fifth Circuit affirmed his conviction in part and vacated in part.  (Rec. Doc. 583).  On December 28, 2000, Mr. Short filed a 28. U.S.C. § 2255 motion (Rec. Doc. 586), which was also denied (Rec. Doc. 617).  He then filed a motion for reconsideration (Rec. Doc. 621), which was also denied.  (Rec. Doc. 622).  On September 12, 2014, he filed a notice of appeal (Rec. Doc. 624) and a motion for a certificate of appealability.  (Rec. Doc. 625).  On October 11, 2001, he filed a second notice of appeal.  (Rec. Doc. 629).  On October 15, 2001, Judge Porteous denied his request for a certificate of appealability.  (Rec. Doc. 629).  On January 8, 2002, the Fifth Circuit denied his request for a certificate of appealability.  (Rec. Doc. 636).  On August 19, 2002, Mr. Short filed a motion for reconsideration.  (Rec. Doc. 660).  It, too, was denied on September 9, 2002.  (Rec. Doc. 661).  On September 30, 2002, Mr. Short again sought a certificate of appealability.  (Rec. Doc. 666).  Judge Porteous denied that request on October 23, 2002.  (Rec. Doc. 669).  On February 12, 2003, the Fifth Circuit also denied the request. (Rec. Doc. 672).  On October 24, 2003, Judge Porteous recused himself from the case and it was reassigned to Judge Eldon E. Fallon.  (Rec. Doc. 684).

On October 14, 2004, Mr. Short filed a motion to alter or amend judgment.  (Rec. Doc. 700).  On November 15, 2005, this Court denied that motion and instructed Mr. Short that he must seek permission from the Fifth Circuit to file a successive § 2255 motion.  (Rec. Doc. 701). On November 29, 2004, Mr. Short filed another motion for reconsideration premised on the rule of lenity.  (Rec. Doc. 702).  It was denied on January 6, 2005.  (Rec. Doc. 703).  Again he sought certificates of appealability.  (Rec. Docs. 704, 705).  On January 25, 2005, the request was denied.  (Rec. Doc. 706).  On February 10, 2005, he sought another certificate of appealability, (Rec. Doc. 707), which was again denied.  (Rec. Docs. 712, 719).  He has also made several requests to proceed *in forma pauperis*, which have been denied.  *See, e.g.*, (Rec. Doc. 724).  On

2

October 24, 2013, Mr. Short filed a Motion for writ of *audita querela*, by leave of Court.  (Rec. Doc. 781).  On June 19, 2014, this Court denied that motion, holding, *inter alia*, that Mr. Short's contention that judgment in his case was infirm at the time it was rendered must be construed under a § 2255 motion, and that a successive § 2255 motion requires certification from the Fifth Circuit.  (Rec. Doc. 790); *see also* 28 U.S.C. § 2255(h).  On July 25, 2014, Mr. Short filed a Motion urging reconsideration of the aforementioned Motion for writ of *audita querela* which the Court denied on September 5, 2014.  (Rec. Doc. 792, 794). On December 8, 2014 and June 11, 2015, the district court and the Fifth Circuit Court of Appeals denied Mr. Short's requests for Certificate of Appealability.

In November, February and March of this year, Mr. Short filed the present motions to reduce to his sentence (Rec. Docs. 805, 809) and to appoint counsel (Rec. Doc. 807). The Court will discuss these motions in turn.

## II.     MOTION & SUPPLEMENTAL MOTION TO REDUCE SENTENCE

In Mr. Short's Motion and supplemental Motion to reduce his sentence pursuant to 18 U.S.C. § 3582, he argues that his sentence should be reduced in light of Amendments 591 and 607 of the United States Sentencing Guidelines[1]. Specifically, Mr. Short argues that his sentence was "erroneously calculated from his initial sentencing selection…to increase defendants (sic) sentence beyond the conduct underlying his offense" and he "must be resentenced accordingly to the conduct underlying his offence of conviction pursuant to a conspiracy to distribute Five Hundred Ninety Five grams of Heroin…" (Rec. Doc. 805 at 8-9). Additionally, he argues that he

---

[1]     Amendment 607, which became effective on November 1, 2000, expanded the listing in § 1B1.10(c) to allow for Amendment 591 (the substantive amendment) to be applied retroactively. *See* U.S.S.G.  App. C (Vol. II), amend. 607, p. 81 (2003).

is not a career offender and, thus, pursuant to Amendment 591, his guideline calculations were erroneous. (Rec. Doc. 809 at 3-4).

However, while Amendment 591 is given retroactive effect under § 1B1.10, it is not applicable to Mr. Short's sentence because the sentencing provision of U.S.S.G. § 2A1.1 for first degree murder was applied to him. Rather, Amendment 591, which became effective on November 1, 2000, "address[ed] a circuit conflict regarding whether the enhanced penalties in § 2D1.2 (*Drug Offenses Occurring Near protected Locations or Involving Underage or Pregnant Individuals*) appl[ied] only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the *defendant's relevant conduct included drug sales in a protected location or involved a protected individual*." *See* Federal Sentencing Guidelines Manual Amendment 591 (11/1/13) (Reasons for Amendment) (emphasis added). Amendment 591 merely clarified that, "in order for enhanced penalties in § 2D1.2 to apply, the defendant must be convicted of an offense referenced to § 2D1.2, rather than simply have engaged in conduct described by that guideline. Therefore, Amendment 591's changes to § 2D1.2 do not impact Mr. Short's sentence.

Additionally, contrary to Mr. Short's argument, the Court did select the correct Chapter Two offense guidelines for Mr. Short's base offense level calculation. *See* U.S.S.G. App. A (Statutory Index) (November 1, 1995). Pursuant to U.S.S.G. § 3D1.2(a), the counts of conviction, with the exception of Count 5, were grouped, and the highest applicable offense level was applied. *See* PSR at 11. Accordingly, the offense level of Count 4, which charged a violation of 18 U.S.C. § 924(j)(1) (use of a firearm to commit murder) was applied. The United States Sentencing Guideline for a violation for a violation of 18 U.S.C. § 924(j)(1) is found at U.S.S.G. § 2K2.1, wherein there is a cross reference indicating that, if death resulted, the most analogous

offense guideline from Chapter Two (Part A) (Homicide) is applied. *Id.* In Count 4, Mr. Short is charged with using a firearm to commit the murder of Derrick Hubbard. *Id.* at 11-12. Accordingly, there is a cross-reference to U.S.S.G. § 2A1.1, first degree murder, which has a base offense level of 43. *Id.* at 12. In sum, Mr. Short was correctly sentenced in accordance with the Statutory Index to the Sentencing Guidelines Manual because the Court applied the offense guidelines applicable to his statute of conviction.

Finally, the Fifth Circuit has repeatedly rejected § 3582(c)(2) motions based upon Amendment 591 where, as here, a defendant challenges base offense calculations within the applicable offense guideline. *See, e.g., United States v. Wilson*, 267 F. App'x 317, 318 (5th Cir. 2008) (dismissing an Amendment 591 claim that base offense level was miscalculated in drug trafficking sentence as improper grounds for a § 3582(c) reduction). Accordingly, Mr. Short's argument that his base offense level was miscalculated is unavailing under Amendment 591.

## III.    MOTION TO APPOINT COUNSEL

In Mr. Short's motion to appoint counsel to represent him in relation to a § 3582(c) reduction, Mr. Short argues that the proceedings are "too complex and intricate for [him] to litigate sufficiently" and he is "financially unable to afford counsel" on his own. (Rec. Doc. 807). However, despite the veracity of these arguments, Mr. Short has no right to counsel regarding a motion for reduction of sentence, filed pursuant to § 3582(c). First, the Fifth Circuit has held that a defendant has no Sixth Amendment constitutional right to counsel in connection with a § 3582(c) motion filed after a defendant's direct appeal has concluded. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).[2]

---

[2]    Other Court of Appeals that have addressed the issue have unanimously come to the same conclusion. *See* (R. Doc. 811 at 6-7).

Second, Mr. Short has no statutory right to counsel in connection to his § 3582(c) motion. The pertinent statutory provision states in relevant part: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance…through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). The Fifth Circuit has found that a § 3582 proceeding is not an "ancillary matter" as set forth in § 3006A, and have likewise held that a defendant does not have a statutory right to counsel in relation to a § 3582(c) motion. *See Whitebird*, 55 F.3d at 1010. Accordingly, Mr. Short is not entitled to counsel in connection with his § 3582(c) motion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Mr. Short's motion and supplemental motion to reduce his sentence and his motion for appointment of counsel are **DENIED**.

New Orleans, Louisiana, this 23rd day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE