UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 96-0232 |
| MICHAEL SHORT | SECTION "L" |

**TRANSFER ORDER**

On June 3, 1997, Petitioner was convicted on all counts of an indictment which charged him with various violations of the federal drug trafficking laws, access device fraud, and money laundering. (Rec. Doc. 396). On April 29, 1998, Judge Thomas Porteous sentenced Petitioner to a term of life imprisonment, followed by a consecutive term of 60 months imprisonment. (Rec. Doc. 548). The Petitioner timely appealed the conviction and sentence, however, the District Court decision was affirmed by the Fifth Circuit Court of Appeals on August 19, 1999.

On December 28, 2000, Petitioner filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255, claiming, *inter alia*, that his counsel was ineffective for failing to raise a 4th amendment claim on illegal detention. On June 28, 2001, Judge Porteous denied Short's petition on all seventeen grounds. (Rec. Doc. 617). Judge Porteous specifically found that the Fourth Amendment issue on illegal detention was fully addressed on appeal by the Fifth Circuit in *United States v. Short*, 181 F.3d 620, 623 (5th Cir. 1999). *Id*. On July 12, 2001, Short filed a motion for reconsideration which was denied on July 24, 2001. (Rec. Docs. 621, 622).

On September 10, 2001 and October 9, 2001, Petitioner sought Certificates of Appealability. (Rec. Docs. 624, 626). On October 15, 2001, Judge Porteous denied Petitioner's October 9 request for a Certificate of Appealability. (Rec. Doc. 629). On January 4, 2002, the Fifth Circuit denied both of Petitioner's Certificates of Appealability. (Rec. Doc. 636). On July

1

29, 2002, Petitioner filed a Motion for Reconsideration, which was denied on September 9, 2002. (Rec. Docs. 660, 661). On September 30, 2002, Petitioner sought a Certificate of Appealability, which Judge Porteous denied on October 23, 2002. (Rec. Docs. 666, 669). On February 12, 2003, the Fifth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability. (Rec. Doc. 672).

On October 14, 2004, Petitioner filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Rec. Doc. 700). In an Order dated November 16, 2004, the Court denied the motion, advising Petitioner that he ". . . must obtain permission from the Fifth Circuit to file a successive § 2255 motion." (Rec. Doc. 701). On November 29, 2004, Petitioner filed another Motion for Reconsideration based on the Rule of Lenity. (Rec. Doc. 702). On January 6, 2005, the motion was denied. (Rec. Doc. 703). Petitioner sought Certificates of Appealability in the court of appeals and district court on January 14, 2005. (Rec. Docs. 704, 705). On January 25, 2005, the Court denied Petitioner's request for Certificate of Appealability. (Rec. Doc. 706). On February 10, 2005, Petitioner sought yet another Certificate of Appealability, which the Fifth Circuit Court of Appeals denied on March 9, 2005, and January 11, 2006. (Rec. Docs. 707, 712, 719).

On October 24, 2013, Petitioner filed a Petition of Writ of *Audita Querela*. (Rec. Doc. 778). On June 14, 2014, the Court denied Petitioner's petition, finding it to be a successive petition for relief under § 2255. (Rec. Doc. 790). On July 25, 2014, Petitioner filed a motion for reconsideration which the Court denied on September 5, 2014. (Rec. Docs. 792, 794). Petitioner sought a Certificate of Appealability on September 15, 2014. (Rec. Doc. 795). On December 8, 2014, and June 11, 2015, the district court and Fifth Circuit Court of Appeals denied Petitioner's request for Certificate of Appealability. (Rec. Docs. 800, 803).

The defendant, Michael Short, filed the present Motion Pursuant to Fed. R. Civ. P. 60(b)(6) (R. Docs. 816), directed at the June 29, 2001, order of Judge Porteous denying his original § 2255 motion. Short argues that his original Fourth Amendment argument is now supported by the Supreme Court's decision in *Rodriguez v. United States*, 191 2.Ed. 492 (2015). *Id*. at 2. The Government filed a Memorandum in Opposition on June 20, 2016, arguing that Short's 60(b) motion is actually an unauthorized successive § 2255 petition. (Rec. Doc. 832). Short filed a reply on June 23, 2016, asking the Court to renew his Fourth Amendment claim given the *Rodriguez* decision. (Rec. Doc. 835).

The United States Supreme Court has held that district courts have jurisdiction to consider motions under Fed. R. Civ. P. 60(b) in habeas corpus proceedings, as long as the Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "However, where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." United States v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013) (citing Gonzalez, 545 U.S. at 532 & n.4 and United States v. Williams, 274 F. App'x 346, 347 (5th Cir. 2008) (applying Gonzalez to § 2255 motions)). Short's Rule 60(b) strikes at the court's prior review of the merits of his first § 2255 petition, namely the Fourth Amendment issue on illegal detention. *See* (R. Doc. 586); *see also United States v. Short*, 181 F.3d 620, 623 (5th Cir. 1999). His motion is therefore considered to be a successive § 2255 motion.

The instant petition, as construed, is considered a prohibited second or successive petition under 28 U.S.C. §§ 2244 and 2255. To overcome the prohibition against the filing of second or successive claims, the defendant must obtain authorization to file a second or successive petition

3

from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Until such time as petitioner obtains authorization from the United States Fifth Circuit Court of Appeals, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Michael Short's Motion Pursuant to Fed. R. Civ. P. 60(b) (R. Doc. 816) is to be construed as a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. Thus, considering the present motion is a successive § 2255 motion, **IT IS FURTHER ORDERED** that the motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) and § 2255 to file the instant motion in this District Court.

Accordingly, **IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (R. Doc. 828) is **MOOT**, due to the matter at issue being transferred to the Fifth Circuit.

New Orleans, Louisiana, this 1st day of July, 2016.

UNITED STATES DISTRICT JUDGE

cc: Michael Short
Reg. No. 22355-034
United States Penitentiary
3901 Klein Blvd.
Lompoc CA 93436
**Clerk to serve by certified mail**