UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | CRIMINAL ACTION |
| V. | | NO. 96-232 |
| MICHAEL SHORT | | SECTION "L" |

ORDER & REASONS

Pending before the Court is *pro se* petitioner Michael Short's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), R. Doc. 910. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.      BACKGROUND

On January 10, 1997, a Federal Grand Jury returned a 27-count, third superseding indictment charging Mr. Short with the following: conspiring to distribute heroin and cocaine, in violation of 18 U.S.C. § 846; engaging in a Continuing Criminal Enterprise ("CCE") involving a conspiracy to possess heroin, in violation of 21 U.S.C. § 848; intentionally killing Derrick Hubbard in furtherance of a CCE, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; killing Derrick Hubbard through the use of a firearm, in violation of 18 U.S.C. § 924(j)(1) and 2; carrying a firearm in the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); using a telephone in furtherance of the drug conspiracy, in violation of 21 U.S.C. § 843(b); access device fraud; and money laundering. R. Doc. 168. On June 3, 1997, Mr. Short was convicted on all charged counts of the indictment. R. Doc. 396. On April 29, 1998, the Court sentenced Mr. Short to the following terms of imprisonment to be served concurrently: a term of life imprisonment on Counts 1–4; 48 months on Counts 6–8; 120 months on Count 11; and 240 months on Count 12. R. Doc. 548. The Court also sentenced Mr. Short to 60 months on Count 5,

to be served consecutively to all other counts. R. Doc. 548.

On May 6, 1998, Mr. Short timely filed a notice of appeal. R. Doc. 551.  On August 19, 1999, the Court of Appeals for the Fifth Circuit affirmed the district court, with the exception of Mr. Short's conviction on Count 1. R. Doc. 583. The Government conceded that Mr. Short's conviction on Count 1 (conspiracy) and Count 2 (CCE) violated the Double Jeopardy Clause of the United States Constitution because Count 1 was a lesser included offense of Count 2. R. Doc. 583. Therefore, the Fifth Circuit vacated Mr. Short's conviction on Count 1, but concluded that because Mr. Short's sentences on Counts 1 through 4 were to be served concurrently, it was unnecessary for the district court to resentence Mr. Short. R. Doc. 583.

On December 28, 2000, Mr. Short filed a motion to vacate his sentence on 17 grounds pursuant to § 2255. R. Doc. 586. On June 28, 2001, the Court denied Mr. Short's § 2255 petition on all grounds. R. Doc. 617. On July 12, 2001, Mr. Short filed a motion for reconsideration of the Order denying his § 2255 petition, R. Doc. 621, which the Court denied on July 24, 2001, R. Doc. 622. On September 10, 2001 and October 9, 2001, Mr. Short filed notices of appeal, seeking a Certificates of Appealability. R. Docs. 624; 625; 626. On October 15, 2001, the Court denied Mr. Short's application for a Certificate of Appealability, R. Doc. 629, and on January 4, 2002, the Fifth Circuit also denied Mr. Short's Certificate of Appealability, R. Doc. 636. On July 29, 2002, Short filed a Motion for Reconsideration of the Court's denial of grounds two and three of his § 2255 motion, R. Doc. 660, which the Court denied on September 9, 2002, R. Doc. 661.  On September 30, 2002, Short filed another Notice of Appeal, R. Doc. 666, and the Court again denied Mr. Short's application for a Certificate of Appealability on October 23, 2002, R. Doc. 669. Moreover, on February 12, 2003, the Fifth Circuit denied Mr. Short's request for a Certificate of Appealability. R. Doc. 672.

On June 28, 2004 and July 13, 2004, Mr. Short filed a Motion and Supplemental Motion

seeking relief from the Court's Final Order and Judgment denying his post-trial Motion for a New Trial. R. Docs. 695; 696. On September 24, 2004, the Court denied his motion and cautioned Mr. Short that he "must obtain permission from the Fifth Circuit to file a successive § 2255 motion." R. Doc. 699 at 2. Despite this instruction, on October 14, 2004, Mr. Short filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). R. Doc. 700.  In an Order dated November 16, 2004, the Court denied the motion, again advising Mr. Short that he "must obtain permission from the Fifth Circuit to file a successive § 2255 motion." R. Doc. 701 at 3. On November 29, 2004, Mr. Short filed another Motion for Reconsideration based on the Rule of Lenity, R. Doc. 702, which the Court denied on January 5, 2005, R. Doc. 703. Mr. Short again sought a Certificate of Appealability on January 14, 2005, R. Docs. 704; 705, which the Court denied on January 24, 2005, R. Doc. 706. On February 10, 2005, Short sought yet another Certificate of Appealability, R. Doc. 707, which the Fifth Circuit denied on January 3, 2006, R. Doc. 719.

Mr. Short continued to file numerous motions over the years and on October 24, 2013, Mr. Short filed a Petition of Writ of Audita Querela. R. Doc. 781. On June 18, 2014, the Court denied Mr. Short's petition, construing it as a successive § 2255 motion. R. Doc. 790 at 8. On July 25, 2014, Mr. Short filed a motion for reconsideration, R. Doc. 792, which the Court denied on September 5, 2014, R. Doc. 794. Mr. Short sought a Certificate of Appealability on September 15, 2014, R. Doc. 795, which the district court denied on December 5, 2014 and the Fifth Circuit denied on June 5, 2015, R. Docs. 800; 803. On November 30, 2015, the United States Supreme Court denied Mr. Short's petition for a writ of certiorari. R. Doc. 806. Mr. Short filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), a motion for appointment of counsel, and a supplemental motion for reduction of sentence. R. Docs. 805; 807; 809.  On March 23, 2016, the Court denied Mr. Short's motions. R. Doc. 812.

Subsequently, on April 22, 2016, Mr. Short filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6). R. Doc. 816. On June 13, 2016, the Government filed an opposition, arguing that Mr. Short's motion was an unauthorized successive § 2255 petition. R. Doc. 832. On July 1, 2016, the Court issued an Order transferring Mr. Short's motion to the Fifth Circuit for the latter to determine if Mr. Short was allowed to file a successive motion to vacate in district court. R. Doc. 837. On September 27, 2016, the Fifth Circuit denied Mr. Short's motion for authorization to file a successive § 2255 motion. R. Doc. 850. On August 28, 2018, Mr. Short filed another motion to vacate pursuant to § 2255, R. Doc. 862, which the Court again transferred to the Fifth Circuit, R. Doc. 863. On October 11, 2018, the Fifth Circuit denied Mr. Short's motion for authorization to file a successive § 2255 motion. R. Doc. 864.

On December 3, 2019, Mr. Short filed a Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2). R. Doc. 865. Specifically, Mr. Short sought a modification of his term of imprisonment based on Amendments 599 and 782 to the United States Sentencing Guidelines ("U.S.S.G."). R. Doc. 865 at 1. On January 2, 2020, the Court referred Mr. Short's Motion as it relates to Amendment 782 to the Retroactivity Screening Committee for determination of Mr. Short's eligibility for reduction of sentence. R. Doc. 872 at 1. On February 28, 2020, the Court ordered that the Government file a response to Mr. Short's Motion to Modify Term of Imprisonment as it relates to Amendment 599. R. Doc. 875. On April 28, 2020, the Government filed its opposition. R. Doc. 902. The Court denied Mr. Short's Motion with respect to Amendment 599 only and noted that his motion pertaining to Amendment 782 had been referred to the Retroactivity Screening Committee. R. Doc. 903 at 7. At this time, the Retroactivity Screening Committee has not notified the Court of its decision. On May 14, 2020, Mr. Short filed a motion to expedite the committee's decision, which the Court denied. R. Docs. 905; 906. On June 1, 2020, Mr. Short filed another motion for reduction in sentence, but in this

instance his motion is grounded in concerns associated with the COVID-19 pandemic. R. Doc. 910.

## II.     PENDING MOTION

On June 1, 2020, Mr. Short filed the instant Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release due to COVID-19 concerns. R. Doc. 910. Mr. Short asserts that he has exhausted all administrative remedies and argues that extraordinary and compelling circumstances warrant his release. *Id.* at 6-7. First, Mr. Short asserts he exhausted all administrative remedies because he filed the instant motion over thirty days after submitting a request to his prison warden for compassionate release. *Id.* at 1-2. Next, Mr. Short asserts that the poor conditions at U.S.P. Victorville Medium II and his health issues are extraordinary and compelling circumstances that warrant his release. *Id.* at 2-5. Mr. Short alleges that the Bureau of Prisons ("BOP") lacks a robust protocol in response to COVID-19 to keep inmates safe. *Id.* In his BOP application, Mr. Short asserted he suffers from an irregular heartbeat, hypertension, and high cholesterol, which puts him at higher risk for serious illness and death from COVID-19. *Id.* at 5. Mr. Short also claims that he has pre-diabetic genes. *Id.*

Additionally, Mr. Short claims he has undergone extensive rehabilitation efforts in prison and would not pose a threat to the community if released. *Id.* at 6-7. Mr. Short contends that his few disciplinary infractions and the numerous certificates he earned during incarceration demonstrate that he is preparing to be a "productive citizen." Moreover, Mr. Short argues that his remorsefulness and strong family ties demonstrate that he will not be a danger to the community if released. *Id.*

The Government opposes the motion, arguing that Mr. Short has not established "extraordinary and compelling reasons" for a sentence reduction and that Mr. Short poses a significant danger to the safety of the community. R. Doc. 920. The Government acknowledges

that a defendants must first fully exhaust their his administrative rights before seeking compassionate release. *Id.* at 8 (citing 18 U.S.C. § 3582(c)(1)(A)). The Government offers no argument stating Mr. Short has failed to satisfy this requirement. *See id.* The Government next argues that Mr. Short has failed to establish "extraordinary and compelling reasons" that warrant a sentence reduction. *Id.* at 10. The Government argues that individual circumstances, such as "health, age, and family responsibilities" are grounds for compassionate release, rather than general COVID-19 concerns. *Id* at 11. The Government asserts that Mr. Short fails to explain how his hypertension, high cholesterol, hemorrhoids, and other undisclosed issues would entitle him to a sentence reduction on their own or pose a heightened risk for developing serious complications from COVID-19. *Id.* at 13. The Government further asserts that Mr. Short has failed to provide medical documents to support his assertions of medical conditions and points out the medical records on file state Mr. Short has no significant health problems. *Id.*

The Government asserts Mr. Short has failed to sufficiently demonstrate he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and further highlights that Mr. Short was "deemed a career offender within the meaning of U.S.S.G. § 4B1.1" *Id.* at 14. The Government argues that this information weighs heavily against approving this instant motion. *Id.*

## III.    LAW AND ANALYSIS

Although the Federal Rules of Criminal Procedure do not explicitly recognize motions for reconsideration, a district court has continuing jurisdiction over its criminal cases and may reconsider its prior decisions. *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). The Federal Rules of Criminal Procedure allow a court to modify a term of imprisonment only when a motion is made after the defendant has exhausted his administrative remedies and the court, and after considering the factors from § 3553(a), the court finds that "extraordinary and compelling reasons

warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from a terminal illness or "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13.

Historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons. The First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). However, the Sentencing Commission's policy statements have not been amended since the enactment of the First Step Act, and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended. The relevant policy statement continues to plainly provide that a term of imprisonment may be reduced only upon a motion by the Director of the Bureau of Prisons upon a finding of extraordinary circumstances warranting a sentence reduction and a determination that the defendant is not a danger to the safety of any person or the community at large. U.S.S.G. 1B1.13. This discrepancy has been recognized by many courts. *See United States v. Crinel*, No. CR 15-61, 2020 WL 955054, at *2 (E.D. La. Feb. 27, 2020) (citing *United States v. Brown*, 411 F. Supp. 3d 446, 451–52 (S.D. Iowa 2019)); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019)).

Many courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants

pursuant to the First Step Act. *See, e.g.*, *Beck*, 2019 WL 2716505, at *5. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive. *See id.* ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i)."); *Cantu*, 2019 WL 248923, at *5 ("[W]hen a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant granting relief.").

### A. Administrative Remedies

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Mr. Short's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Mr. Short's facility." 18 U.S.C. § 3582. The Court concludes Mr. Short clearly satisfies this requirement. By submitting a request to modify the term of imprisonment with the warden on April 6, 2020, Mr. Short used the proper administrative procedures and channels within the BOP. R. Doc. 910. Mr. Short waited the requisite 30 days and filed this motion after no response from the warden or the Mr. Short's facility. *Id.* The Government does not challenge these findings, so the Court will not address this requirement further.

### B. Extraordinary and Compelling Reasons

Although the relevant policy statement has not been amended to reflect legislative changes brought about by the First Step Act, the policy statement remains instructive to the Court's determination of whether extraordinary and compelling reasons warrant a sentence modification.

8

In relevant part, the policy statement provides that an extraordinary condition exists if the defendant suffers from a terminal illness or another "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13 cmt. 1(a). Circumstances that are considered "extraordinary or compelling" include serious medical conditions like terminal illness, or a condition from which a defendant would not be expected to recover from that seriously impacts the ability for self care within a correctional facility; being age 65 or older; and "family circumstances." *United States v. Calogero*, No. 18-203, 2020 U.S. Dist. LEXIS 98466, at *3 (E.D. La. Apr. 14, 2020).

The Court concludes that the medical conditions described by Mr. Short do not constitute extraordinary and compelling reasons that warrant sentence modification. R. Doc. 910. These medical conditions do not impact Mr. Short's "ability for self-care within the correctional facility," and Mr. Short fails to demonstrate that his conditions in light of COVID-19 create an extraordinary circumstance that warrants early release. *See United States v. Delco*, No. 09-57, 2020 U.S. Dist. LEXIS 141331, at *4-5 (E.D. La. Aug. 7, 2020) (the court held medical conditions such as hypertension, high cholesterol, a heart murmur, allergies, and asthma and the general risk for contracting COVID-19 did not create an "extraordinary and compelling" circumstance). The CDC does recognize hypertension may increase an individual's risk for severe illness due to COVID-19; however, it is uncertain how serious a risk this condition poses. *See United States v. Koon*, No. 16-214-05, 2020 U.S. Dist. LEXIS 70888, at *10-11 (E.D. La. Apr. 21, 2020). Underlying conditions that pose substantial risk of serious illness after contracting COVID-19 have been recognized as grounds for approving early release. *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 LEXIS 58718, at *18-20 (E.D. Pa. Apr. 1, 2020) (holding that Defendant's Type 2 Diabetes Mellitus, hypertension, obesity, and liver abnormalities put Defendant at higher risk of

severe illness from COVID-19 and constituted circumstances allowing for sentence reduction). Mr. Short has failed to show how his alleged medical conditions or those conditions in combination with the fear of contracting COVID-19 are "extraordinary or compelling" circumstances. *See Calogero*, 2020 U.S. Dist. LEXIS 98466, at *3.

A reduction in sentence must be consistent with "policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Short's concerns about the *threat* of exposure to COVID-19 are not consistent with the policy issued by the Sentencing Commission. *See United States v. Eberhart*, No. 13-CR-00313-PJH-1, U.S. Dist. LEXIS 51909 (N.D. Cal. Mar. 25, 2020); *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *11 (M.D. La. Apr. 1, 2020). Further, courts have consistently held that general fears of contracting COVID-19 constitute an insufficient basis for extraordinary and compelling circumstances. *United States v. Chambers,* No. 18-47, 2020 U.S. Dist. LEXIS 130736, at *9 (E.D. La. July 24, 2020); *Clark*, 2020 WL 1557397, at *4; *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 U.S. Dist. LEXIS 53666, at *4 (M.D. Fla. Mar. 27, 2020). Broad allegations such as general fears of contracting COVID-19 do not warrant a sentence reduction. *Chambers*, 2020 U.S. Dist. LEXIS 130736, at *9.

### C. Safety to Others and Community

A petitioner seeking compassionate release must also demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. 1B1.13. Section 3142(g) requires the court to consider factors such as the nature and circumstances of the charged offense, the history and characteristics of the petitioner, and the nature of seriousness of the danger to a person or the community at large posed by the petitioner's release. 18 U.S.C. § 3142(g). Mr. Short asserts his prison record demonstrates that he has committed few disciplinary infractions in the last nineteen years. R. Doc. 910. Further, Mr. Short

argues that his numerous vocational certificates indicate his commitment to being a "productive citizen." *Id*.   He also contends that his strong family ties and identification as a "remorseful, rehabilitated man, with plans to be [a] successful…productive person in society" demonstrate that he does not pose a threat to the community and should be released. R. Doc. 910.

Due to the violent nature of Mr. Short's crimes, the Court cannot find that Mr. Short would not be a danger to the safety of the community once released.  Mr. Short is serving a life sentence based on convictions of conspiracy to distribute heroin and cocaine, engaging in a CCE; the intentional killing with a firearm in furtherance of a CCE; carrying a firearm in the commission of a drug trafficking crime; using a cellphone in furtherance of a drug conspiracy; and his Pre-sentence Report indicated that he was a career offender. R. Doc. 920 at 1-2; 14. Although Mr. Short expresses his regret and intent to self-improve during his imprisonment, this factor substantially weighs in favor of denying his motion for a sentence reduction. R. Doc. 910 at 6.

### D. Section 3553(a) Factors

Lastly, the Court must be satisfied that the Mr. Short's release is supported by the factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) requires a court to consider these factors when imposing a sentence, which include the nature and circumstances of the offense and history and characteristics of defendant, the need for the sentence, and the variety of sentences available.

Mr. Short is fifty-two years old and has served almost twenty-four years of a life sentence imposed for violent crimes. R. Doc. 910. Early release would create sentencing disparities between Mr. Short and others with similar criminal convictions, as 18 U.S.C. § 3553(a) attempts to prevent. *See* 18 U.S.C. § 3553(a)(6). Section 3553(a) also instructs a court to consider "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(d). Mr. Short receives medication for his hypertension and irregular heartbeat, and his

medical conditions do not currently warrant further or outside medical treatment. R. Doc. 910. Therefore, Mr. Short has failed to show that he lacks access to quality medical care while in the custody of the Bureau of Prisons. Further, Mr. Short asserts that during his life sentence he has sought vocational training and has achieved "numerous certificates.". *Id.* at 6. However, the Court concludes that these efforts, while admirable, do not overcome the other factors that weigh heavily against his release.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Mr. Short's medical conditions and general COVID-19 concerns do not warrant a reduction of his sentence, Mr. Short release would pose a threat to others, and his prompt release is not supported by the factors set forth in § 3553(a). Accordingly,

**IT IS ORDERED** that Mr. Short's Motion to Reduce Sentence, R. Doc. 910, is **DENIED**.

New Orleans, Louisiana this 1st day of October 2020.

Eldon E. Fallon
United States District Judge