UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NO. 96-232** |
| **MICHAEL SHORT** | * | **SECTION "L"** |

**ORDER & REASONS**

Before the Court is Defendant Michael Short's motion for appointment of counsel, R. Doc. 976. Having considered Mr. Short's motion and the applicable law, the Court now rules as follows.

## I. BACKGROUND

On June 3, 1997, Defendant Michael Short was convicted of intentionally killing Derrick Hubbard in furtherance of a continuing criminal enterprise, carrying a firearm in the commission of a drug trafficking crime, conspiracy to distribute heroin and cocaine, engaging in a continuing criminal enterprise to possess and distribute heroin, and other charges. R. Doc. 168. On April 29, 1998, Judge G. Thomas Porteous of this Court sentenced Mr. Short to concurrent sentences including life imprisonment. R. Doc. 548. On August 19, 1999, the United States Court of Appeals for the Fifth Circuit affirmed Mr. Short's conviction except as to one count, but concluded that Mr. Short's sentence of life imprisonment would remain in place. R. Doc. 583.

Over the years, Mr. Short has filed numerous motions seeking reconsideration of his conviction or reduction of his sentence. On June 26, 2023, Mr. Short filed a Motion to Modify Term of Imprisonment under Amendment 591. R. Doc. 972.

## II. PENDING MOTION

On July 21, 2023, Mr. Short filed the instant motion requesting the appointment of counsel to litigate his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). R. Doc. 976. Mr. Short argues that he remains indigent and that he needs an attorney to properly litigate this matter. *Id.*

1

### III.  APPLICABLE LAW

The Sixth Amendment guarantees that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Further, the federal statute governing the appointment of counsel for indigent defendants provides that those who are entitled to appointed counsel "shall be represented at every stage of the proceedings from [their] initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." However, "there is no constitutional entitlement to appointed counsel in postconviction relief proceedings." *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987)). Moreover, a proceeding under 18 U.S.C. § 3582(c)(2) is not an "ancillary matter" for which a defendant is entitled to appointed counsel. *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995).

### IV.  DISCUSSION

Mr. Short's motion for appointment of counsel lacks a legal basis. As a defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(2), Mr. Smith is not entitled to appointed counsel under the Sixth Amendment or the "ancillary matters" statutory provision. *See Garcia*, 689 F.3d at 364; *Whitebird*, 55 F.3d at 1010-11.

### V.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion for appointment of counsel, R. Doc. 947, is **DENIED**.

New Orleans, Louisiana, this 26th day of July, 2023.

UNITED STATES DISTRICT JUDGE