UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 96-0232 |
| MICHAEL SHORT | SECTION "L" |

## ORDER & REASONS

Before the Court is *pro se* Defendant Michael Short's Motion to Modify Term of Imprisonment, pursuant to 18 U.S.C. 3582(c)(2) and Amendment 591 (Rec. Doc. 972). Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

I.     **BACKGROUND**

On January 10, 1996, a Federal Grand Jury returned a twenty-seven count, third superseding indictment charging Mr. Short in Count 1 with conspiring to distribute heroin and cocaine; in Count 2 with engaging in a Continuing Criminal Enterprise ("CCE") involving a conspiracy to possess heroin; in Count 3 with intentionally killing Derrick Hubbard in furtherance of a CCE; in Count 4 with killing Derrick Hubbard through the use of a firearm; in Count 5 with carrying a firearm in the commission of a drug trafficking crime; and in Counts 6 and 7 with using a telephone in furtherance of the drug conspiracy. Mr. Short was also charged with access device fraud and money laundering.

On June 3, 1997, Mr. Short was convicted on all charged counts of the indictment. (Rec. Doc. 396). On April 29, 1998, he was sentenced by Judge Porteous to a term of life imprisonment and a consecutive term of 60 months' imprisonment. (Rec. Doc. 548). On May 6, 1998, Mr. Short timely appealed. (Rec. Doc. 551). On August 19, 1999, the United State Court of Appeals for the Fifth Circuit affirmed his conviction in part and vacated in part. (Rec. Doc. 583). On December

1

28, 2000, Mr. Short filed a 28. U.S.C. § 2255 motion (Rec. Doc. 586), which was also denied (Rec. Doc. 617). He then filed a motion for reconsideration (Rec. Doc. 621), which was also denied. (Rec. Doc. 622). On September 12, 2014, he filed a notice of appeal (Rec. Doc. 624) and a motion for a certificate of appealability. (Rec. Doc. 625). On October 11, 2001, he filed a second notice of appeal. (Rec. Doc. 629). On October 15, 2001, Judge Porteous denied his request for a certificate of appealability. (Rec. Doc. 629). On January 8, 2002, the Fifth Circuit denied his request for a certificate of appealability. (Rec. Doc. 636). On August 19, 2002, Mr. Short filed a motion for reconsideration. (Rec. Doc. 660). It, too, was denied on September 9, 2002. (Rec. Doc. 661). On September 30, 2002, Mr. Short again sought a certificate of appealability. (Rec. Doc. 666). Judge Porteous denied that request on October 23, 2002. (Rec. Doc. 669). On February 12, 2003, the Fifth Circuit also denied the request. (Rec. Doc. 672). On October 24, 2003, Judge Porteous recused himself from the case and it was reassigned to Judge Eldon E. Fallon. (Rec. Doc. 684).

Over the past twenty years, Mr. Short has filed numerous motions seeking reductions in his sentence, to vacate, to modify the terms of his imprisonment, and for compassionate release. The Court is well aware of history of his case and will not reproduce the chronology here. *See* Rec. Doc. 980 at 1-5 (providing a thorough outline of Mr. Short's filed motions and their dispositions).

At the end of 2015, Mr. Short filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591. Rec. Docs. 805, 809. This Court denied these motions on March 23, 2016, explaining that Amendment 591 is not applicable to Short's sentence "because the sentencing provision of U.S.S.G. § 2A.1.1 for first degree murder was applied to him" whereas Amendment 591 "merely clarified that, 'in order for enhanced penalties in § 2D1.2 to apply, the defendant must be convicted of an offense referenced to § 2D1.2, rather than simply have engaged

2

in conduct described by that guideline.[']  Therefore, Amendment 591's changes to § 2D1.2 do not impact Mr. Short's sentence." Rec. Doc. 812 at 4 (quoting Federal Sentencing Guidelines Manual Amendment 591 (11/1/13) (Reason for Amendment)). This Court additionally noted that "the Fifth Circuit has repeatedly rejected § 3582(c)(2) motions based upon Amendment 591 where, as here, a defendant challenges base offense calculations within the applicable offense guidelines." *Id.* at 5 (citing *United States v. Wilson*, 267 F. App'x 317, 318 (5th Cir. 2008)).

## II.     MOTION TO REDUCE SENTENCE

In Mr. Short's Motion to reduce his sentence pursuant to 18 U.S.C. § 3582, he argues that his sentence should be reduced in light of Amendment 591 of the United States Sentencing Guidelines, arguing specifically that "the sentencing judge did not apply the appropriate chapter two offense guideline section at sentencing for his conviction under counts 2, 3, and 4 where the murder was committed in furtherance of the drug conspiracy." Rec. Doc. 972 at 1. In his earlier motion for a reduction pursuant to Amendment 591, Mr. Short focused only on the calculation of the drug amount under count 2. *Id.*

This argument is unavailing however because in the March 23, 2016 order, this Court explained that "contrary to Mr. Short's argument, the Court did select the correct Chapter Two offense guidelines for Mr. Short's base offense level calculation," explaining that "the counts of conviction, with the exception of Count 5, were grouped, and the highest applicable offense level was applied" pursuant to U.S.S.G. § 3D1.2(a). *Id.* at 4. Accordingly, as the Court has already ruled on the inapplicability of Amendment 591 to Mr. Short's sentence, the Court denies Mr. Short's instant motion.

For the foregoing reasons, **IT IS ORDERED** that Mr. Short's motion to reduce his sentence, Rec. Doc. 972, is **DENIED**.

New Orleans, Louisiana, this 18th day of August, 2023.

_____
UNITED STATES DISTRICT JUDGE