UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 96-0232 |
| MICHAEL SHORT | SECTION "L" |

**ORDER & REASONS**

Before the Court is *pro se* Defendant Michael Short's Motion for Reconsideration of this Court's order on his recent Motion to Modify Term of Imprisonment, pursuant to 18 U.S.C. 3582(c)(2) and Amendment 591. Rec. Doc. 982. Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

**I.    BACKGROUND**

On January 10, 1996, a Federal Grand Jury returned a twenty-seven count, third superseding indictment charging Mr. Short in Count 1 with conspiring to distribute heroin and cocaine; in Count 2 with engaging in a Continuing Criminal Enterprise ("CCE") involving a conspiracy to possess heroin; in Count 3 with intentionally killing Derrick Hubbard in furtherance of a CCE; in Count 4 with killing Derrick Hubbard through the use of a firearm; in Count 5 with carrying a firearm in the commission of a drug trafficking crime; and in Counts 6 and 7 with using a telephone in furtherance of the drug conspiracy. Mr. Short was also charged with access device fraud and money laundering.

On June 3, 1997, Mr. Short was convicted on all charged counts of the indictment. (Rec. Doc. 396). On April 29, 1998, he was sentenced by Judge Porteous to a term of life imprisonment and a consecutive term of 60 months' imprisonment. (Rec. Doc. 548). On May 6, 1998, Mr. Short timely appealed. (Rec. Doc. 551). On August 19, 1999, the United State Court of Appeals for the

1

Fifth Circuit affirmed his conviction in part and vacated in part. (Rec. Doc. 583). On December 28, 2000, Mr. Short filed a 28. U.S.C. § 2255 motion (Rec. Doc. 586), which was also denied (Rec. Doc. 617). He then filed a motion for reconsideration (Rec. Doc. 621), which was also denied. (Rec. Doc. 622). On September 12, 2014, he filed a notice of appeal (Rec. Doc. 624) and a motion for a certificate of appealability. (Rec. Doc. 625). On October 11, 2001, he filed a second notice of appeal. (Rec. Doc. 629). On October 15, 2001, Judge Porteous denied his request for a certificate of appealability. (Rec. Doc. 629). On January 8, 2002, the Fifth Circuit denied his request for a certificate of appealability. (Rec. Doc. 636). On August 19, 2002, Mr. Short filed a motion for reconsideration. (Rec. Doc. 660). It, too, was denied on September 9, 2002. (Rec. Doc. 661). On September 30, 2002, Mr. Short again sought a certificate of appealability. (Rec. Doc. 666). Judge Porteous denied that request on October 23, 2002. (Rec. Doc. 669). On February 12, 2003, the Fifth Circuit also denied the request. (Rec. Doc. 672). On October 24, 2003, Judge Porteous recused himself from the case and it was reassigned to Judge Eldon E. Fallon. (Rec. Doc. 684).

Over the past twenty years, Mr. Short has filed numerous motions seeking reductions in his sentence, to vacate, to modify the terms of his imprisonment, and for compassionate release. The Court is well aware of history of his case and will not reproduce the chronology here. *See* Rec. Doc. 980 at 1-5 (providing a thorough outline of Mr. Short's filed motions and their dispositions).

At the end of 2015, Mr. Short filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591. Rec. Docs. 805, 809. This Court denied these motions on March 23, 2016, explaining that Amendment 591 is not applicable to Short's sentence "because the sentencing provision of U.S.S.G. § 2A.1.1 for first degree murder was applied to him" whereas Amendment 591 "merely clarified that, 'in order for enhanced penalties in § 2D1.2 to apply, the

2

defendant must be convicted of an offense referenced to § 2D1.2, rather than simply have engaged in conduct described by that guideline.[']  Therefore, Amendment 591's changes to § 2D1.2 do not impact Mr. Short's sentence." Rec. Doc. 812 at 4 (quoting Federal Sentencing Guidelines Manual Amendment 591 (11/1/13) (Reason for Amendment)). This Court additionally noted that "the Fifth Circuit has repeatedly rejected § 3582(c)(2) motions based upon Amendment 591 where, as here, a defendant challenges base offense calculations within the applicable offense guidelines." *Id.* at 5 (citing *United States v. Wilson*, 267 F. App'x 317, 318 (5th Cir. 2008)).

On June 26, 2023, Mr. Short filed another motion to reduce his sentence, pursuant to 18 U.S.C. § 3582 and Amendment 591, arguing specifically that "the sentencing judge did not apply the appropriate chapter two offense guideline section at sentencing for his conviction under counts 2, 3, and 4 where the murder was committed in furtherance of the drug conspiracy." Rec. Doc. 972 at 1. In his earlier motion for a reduction pursuant to Amendment 591, Mr. Short focused only on the calculation of the drug amount under count 2. *Id.* The Court denied this motion on August 18, 2023, noting that in its March 2016 order, it had already determined that Amendment 591 does not apply to Mr. Short's sentence. Rec. Doc. 981.

## II.     MOTION FOR RECONSIDERATION ON MOTION TO REDUCE SENTENCE

Mr. Short now seeks reconsideration of this Court's recent order denying his motion to reduce sentence. Rec. Doc. 982. In urging reconsideration, Mr. Short alleges that the Court erred because he "is not arguing his base offense level calculation" but rather is arguing that Amendment 591 is relevant to "the appropriate chapter two offense guideline for his conviction under Count 4, 3, and 2, where the murder was committed in furtherance of a drug conspiracy." Rec. Doc. 982 at 1-2. Mr. Short specifically argues that the correct murder cross reference that should have been applied to those counts is U.S.S.G. 2D1.1(d)(1) instead of U.S.S.G. 2K2.1 and 2K2.1(c)(1)(B),

and that therefore this motion to reduce sentence presents distinguishable legal questions from his 2015 motion to reduce sentence under Amendment 591. *Id.* at 2. Mr. Short also filed a motion for leave to file a reply to the government's opposition, in which he argues that the killing of Mr. Hubbard was not first-degree murder but instead second-degree murder, warranting a reduction in sentence. Rec. Doc. 986.

**III.   APPLICABLE LAW**

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, courts in the Fifth Circuit have held that such motions may be considered under Fed. R. Civ. Pro. 59(e) or Fed. R. Civ. Pro. 60(b). *Adams v. United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. of United States and Canada, AFL-CIO Local 198*, 495 F. Supp. 3d 392, 395 (M.D. La. 2020). Relief under Rule 59(e) is warranted only when the basis for relief "clearly establish[es] either a manifest error of law or fact or [] present[s] newly discovered evidence." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). Manifest error is an error "that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Puga v. RCX Solutions, Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (quoting *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).

The Fifth Circuit instructs that reconsideration is "an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In deciding whether to grant a motion for reconsideration, the court "must strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or

arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. In the Eastern District of Louisiana, courts tend to consider four factors when evaluating a Rule 59(e) motion for reconsideration:

> (1) the motion is necessary to correct a manifest error of law or fact on which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.

*Foster v. Principal Life Ins. Co.*, 303 F. Supp. 3d 471, 479 (E.D. La. 2018) (Brown, C.J.).

## IV. DISCUSSION

Mr. Short maintains that the sentencing court's application of the §2K2.1(c)(1)(B) cross reference was incorrect and instead seeks the application of the murder cross reference contained in §2D1.1(d)(1), which states that "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply §2A1.1 (First Degree Murder) or §2A1.2 (Second Degree Murder)." U.S. Sentencing Guidelines Manual §2D1.1(d)(1) (U.S. Sentencing Comm'n 2021). The Court observes that §2K2.1(c)(1)(B) requires the application of the homicide offense guideline, instructing the sentencing court to apply, "if death resulted, the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide)." *Id.* at §2K2.1(c)(1)(B). This guideline, as this Court identified in its March 2016 order, is §2A1. Rec. Doc. 812 at 4-5.

The standard for reconsideration requires the movant to show a manifest error of law or fact underlying the judgment, newly discovered evidence, an intervening change in controlling law, or that the judgment represents a manifest injustice. *See Foster*, 303 F. Supp. 3d at 479. Mr. Short alleges that the recent order of this court is erroneous because he is not arguing about his base offense level calculation, which he implies was the basis for the prior judgments of this Court.

*See* Rec. Doc. 982 at 2. However, the arguments Mr. Short presents do not rise to the level reconsideration requires. This Court has twice ruled that Amendment 591 does not apply to Mr. Short's sentence because his counts were grouped correctly pursuant to the Sentencing Guidelines and the correct offense guidelines were applied. *See* Rec. Doc. 812 at 5 ("In sum, Mr. Short was correctly sentenced in accordance with the Statutory Index to the Sentencing Guidelines Manual because the Court applied the offense guidelines applicable to his statute of conviction."); Rec. Doc. 981 at 3 ("Accordingly, as the Court has already ruled on the inapplicability of Amendment 591 to Mr. Short's sentence, the Court denies Mr. Short's instant motion."). Mr. Short fails to provide new evidence, show an intervening change in controlling law, or demonstrate how this judgment constitutes a manifest error. Further, Mr. Short's motion for leave to file a reply addresses legal arguments that could have been brought earlier, specifically that second degree murder is more appropriate than first degree murder. Rec. Doc. 986. Reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Mr. Short's motion for reconsideration, Rec. Doc. 982, and Mr. Short's motion for leave to file a reply, Rec. Doc. 986, are **DENIED**.

New Orleans, Louisiana, this 26th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE