UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION NO. 96-232** |
| **VERSUS** | * | **SECTION "L"** |
| **MICHAEL SHORT** | * | **JUDGE ELDON E. FALLON** |

\* \* \* \* \* \* \*

**ORDER & REASONS**

Pending before the Court is *pro se* petitioner Michael Short's Motion for Compassionate Release, R. Doc. 997. The Government opposes Mr. Short's motion, R. Doc. 1006, and Mr. Short has filed a reply memorandum and a supplemental memorandum in its support, R. Docs. 1011 and 1014. Having considered the briefing in light of the applicable law and record facts, the Court will deny Mr. Short's motion for the following reasons.

I.   BACKGROUND

On January 10, 1996, a Federal Grand Jury returned a twenty-seven count, third superseding indictment charging Mr. Short in Count 1 with conspiring to distribute heroin and cocaine; in Count 2 with engaging in a Continuing Criminal Enterprise ("CCE") involving a conspiracy to possess heroin; in Count 3 with intentionally killing Derrick Hubbard in furtherance of a CCE; in Count 4 with killing Derrick Hubbard through the use of a firearm; in Count 5 with carrying a firearm in the commission of a drug trafficking crime; and in Counts 6 and 7 with using a telephone in furtherance of the drug conspiracy. Mr. Short was also charged with access device fraud and money laundering. R. Doc. 1.

On June 3, 1997, Mr. Short was convicted on all charged counts of the indictment. R. Doc. 396. On April 29, 1998, he was sentenced by Judge Porteous to a term of life imprisonment and a consecutive term of 60 months' imprisonment. R. Doc. 548. On May 6, 1998, Mr. Short timely

appealed. R. Doc. 551. The United States Court of Appeals for the Fifth Circuit affirmed his conviction in part and vacated in part just over a year later, on August 19, 1999. R. Doc. 583. On December 28, 2000, Mr. Short filed a 28 U.S.C. § 2255 motion, R. Doc. 586, which was denied. R. Doc. 617. Mr. Short thereafter sought reconsideration and a certificate of appealability several times, without success.

Having exhausted his direct appeal and failed to obtain habeas relief, Mr. Short has filed numerous motions seeking to reduce his sentence, vacate his sentence, modify the terms of his imprisonment, and for compassionate release over the past twenty-five years. The Court is well aware of history of his case and will not reproduce the chronology here. *See* R. Doc. 980 at 1-5 (providing a thorough outline of Mr. Short's filed motions and their dispositions). Mr. Short now asks the Court again for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), but now cites Amendment 841 of the United States Sentencing Guidelines as the basis for his request for relief. R. Doc. 997.

**II.    LAW AND DISCUSSION**

Section 3582(c)(1)(A) states, in relevant part, that a court may not modify a term of imprisonment once it has been imposed unless it determines, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13(b) of the Sentencing Guidelines provides a limited list of circumstances under which a court may find extraordinary and compelling reasons warranting a reduction in sentence to exist. As is relevant here, Amendment 841 amended Section 1B1.13 to include the following policy statement:

> *Unusually Long Sentence.*—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in

the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

On the basis of this amendment, Mr. Short argues he is entitled to compassionate release because he received an unusually long sentence. However, Mr. Short does not cite to any change in the law; rather, he presents cases of arguably similarly charged and convicted defendants who received lesser sentences and/or had their sentences reduced. *See* R. Doc. 997 at 5–7, 28–31. In the absence of a change in the law, 1B1.13(b)(6) is by its plain terms inapplicable to Mr. Short and cannot support his request for compassionate relief.

Mr. Short's remaining arguments for compassionate relief are similarly unavailing. Mr. Short cites only his efforts to achieve rehabilitation. While Mr. Short's efforts are extensive and admirable, it is clear that "rehabilitation, though certainly commendable, is not extraordinary or compelling." *United States v. Hudson*, No. CR 10-329, 2021 WL 2912012, at *4 (E.D. La. July 12, 2021). Thus, finding no extraordinary and compelling reasons to reduce Mr. Short's sentence, the Court must deny Mr. Short's motion.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Mr. Short's Motion for Compassionate Release, R. Doc. 997, is **DENIED**.

New Orleans, Louisiana, this 30th day of October, 2025.

THE HONORABLE ELDON E. FALLON

3