UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 96-232 |
| VERSUS | * | SECTION "L" |
| MICHAEL SHORT | * | JUDGE ELDON E. FALLON |

## ORDER & REASONS

Before the Court is a Motion for a Sentence Reduction Pursuant to Section 404 of the First Step Act, R. Doc. 1024, and Motion for Appointment of Counsel, R. Doc. 1027, filed by Defendant Michael Short. Having considered the record, briefing, and applicable law, the Court **DENIES** both motions.

### I.    BACKGROUND

In January 1996, a federal grand jury returned a third Superseding Indictment charging Short in Count 1 with conspiring to distribute heroin, cocaine, or cocaine base; in Count 2 with engaging in a Continuing Criminal Enterprise ("CCE") involving a conspiracy to distribute heroin; in Count 3 with intentionally killing Derrick Hubbard in furtherance of a CCE; in Count 4 with killing Derrick Hubbard through the use of a firearm; in Count 5 with carrying a firearm in the commission of a drug trafficking crime; and in Counts 6 and 7 with using a telephone in furtherance of the drug conspiracy. R. Doc. 583. Short was also charged with access device fraud and money laundering. On June 3, 1997, Short was convicted on all counts of the Superseding Indictment. R. Doc. 396. In April 1998, Judge Porteous sentenced Short to four life terms of imprisonment plus 60 months. R. Doc. 548.

In 2019, Short moved this Court for a sentence reduction pursuant to Amendment 782 and Amendment 599. R. Doc. 865. In supplemental memoranda, Short maintained he was also entitled to a sentence reduction under Section 401 of the First Step Act ("FSA") in connection with two

1

prior state courts convictions for possession with the intent to distribute cocaine. R. Docs. 953, 960. In another supplemental memorandum, Short briefed *United States v. Concepcion*, 597 U.S. 481 (2022), a Supreme Court case addressing sentence reductions under Section 404 of the FSA. R. Doc. 960 at 1–2. Short did not, however, claim he was entitled to relief under Section 404.

This Court concluded that Short was not entitled to a sentence reduction under Amendment 782 and denied his motion. R. Doc. 961. The Court's order did not address Short's entitlement to relief under the FSA. *Id.* The Fifth Circuit affirmed, and, in doing so, concluded that Section 404 of the FSA did not apply to Short because "none of the offenses for which he sought a sentence reduction under [Section 404] constitutes a 'covered offense'" under the Act. *United States v. Short*, No. 22-30812, 2023 WL 3391476, at *1 (5th Cir. May 11, 2023) (per curium).

## II.    PRESENT MOTIONS

On July 7, 2026, Short, representing himself, filed a Motion for a Sentence Reduction Pursuant to Section 404 of the FSA. R. Doc. 1024. Short maintains that Count 1 is a "covered offense" under the Act, and he is therefore eligible for a sentence reduction. *Id.* at 1–2. Short further requests court-appointed counsel to assist in his effort to reduce his sentence. R. Doc. 1027. Short argues that the "constitutional and statutory issues raised in his First Step motion are [] the type that require . . . a trained legal professional," and that he is unable to afford counsel on his own. *Id.* at 2. Short further suggests that certain issues require factual investigation which he cannot sufficiently undertake due to resource limitations. *Id.*

The Government opposes Short's FSA motion. R. Doc. 1035. First, invoking Section 404(c)'s prohibition on successive FSA motions, the Government argues that the Court cannot entertain Short's request because he has already moved for an FSA reduction. *Id.* at 3–4. Second,

the Government maintains that Short is not entitled to relief under Section 404 because Count 1 is not a covered offense. *Id.* at 4.

### III. LAW AND ANALYSIS

### A. Motion for a Sentence Reduction

Section 404(c) of the FSA prohibits courts from entertaining a successive motion for a sentence reduction "if a previous motion made under this section to reduce the sentence was . . . denied after a complete review of the motion on the merits." First Step Act, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018); *see also Concepcion*, 597 U.S. at 496 ("A district court may not consider a First Step Act motion . . . if the court considered and rejected a motion under the First Step Act."). Short previously moved for a sentence reduction under Amendments 599 and 782, and in doing so, invoked the FSA. R. Docs. 953, 960. While this Court never made an explicit ruling on the FSA, the Fifth Circuit addressed this issue and concluded that Short is ineligible for sentence reduction under Section 404. *Short*, 2023 WL 3391476, at *1. Under these circumstances, it appears there has been a "complete review" of this issue "on the merits."

Furthermore, Short is not entitled to relief under Section 404 of the First Step Act because he was not convicted of a "covered offense," and the Section 404 only allows relief for covered offenses. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019). "A covered offense within the meaning of the First Step Act is a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010." *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020) (internal quotation marks omitted). Sections 2 and 3 of the First Step Act pertain exclusively to crack cocaine offenses. Fair Sentencing Act, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372-2374 (2010). Short's offenses involved heroin, not crack cocaine, making him ineligible for a Section 404 reduction.

**B.  Motion for Appointment of Counsel**

The decision to appoint counsel under these circumstances is within the court's discretion. *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *see also United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (observing that court-appointed counsel is not mandatory for post-judgment motions to reduce a sentence under 18 § 3582(c)(2)). Considering the straightforward nature of the issues presented, the Court finds that the appointment of counsel in this situation is unnecessary. *See United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023) (per curium) (affirming the denial of court-appointed counsel where the issues presented were "not factually complicated").

**IV.    CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Short's Motion for a Sentence Reduction Pursuant to Section 404 for the First Step Act, R. Doc. 1024, and his Motion for Appointment of Counsel, R. Doc. 1027, are hereby **DENIED**.

New Orleans, Louisiana, this 13th day of August, 2026.

THE HONORABLE ELDON E. FALLON

4